IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER GILMORE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOE BEVERIDGE, in his individual capacity and official capacity as board member of the Olathe Board of Education, et al.,<br><br>    Defendants. | Case No. 22-2032-HLT-RES |

**MEMORANDUM AND ORDER**

This is a civil rights case regarding conduct at the January 13, 2022 meeting of the Olathe Public Schools' Board of Education. This matter is now before the Court on Plaintiff Jennifer Gilmore's ("Gilmore") Motion for Leave to Amend her Complaint. ECF No. 28. Defendants Joe Beveridge, Brent Kiger, and Jim McMullen (collectively "Defendants") oppose the motion. For the reasons explained below, the motion is granted.

**I.   BACKGROUND**

Gilmore alleges violations of her constitutional rights after she purportedly was stopped from speaking at the January 13, 2022 meeting of the Olathe Public Schools' Board of Education pursuant to the board's policies. *See generally* ECF No. 1. She filed her complaint on January 23, 2022, asserting claims under 42 U.S.C. § 1983 against: Defendant Beveridge, an elected member of the Olathe Public Schools Board of Education ("the board"), in his individual and official capacities; Defendant Kiger, the school district's director of safety services, in his individual capacity; and Defendant McMullen, the school district's assistant superintendent of middle school

education, in his individual capacity. ECF No. 1 at 3, ¶¶ 5-7. Highly summarized, she alleges that the board's policies, both on their face and as applied, violate her free speech rights and right to petition as guaranteed by the First and Fourteenth Amendments and that the policies are unconstitutionally vague, thereby violating her due process rights and depriving her of her free speech rights (Counts I-V). *Id.* at 12-21, ¶¶ 57-90. She also asserts a violation of the Kansas Open Meetings Act (Count VI). *Id.* at 21, ¶¶ 91-96.

Gilmore states that she seeks to amend her complaint to address issues raised during an April 15, 2022 status conference. ECF No. 28 at 1. Among other things, Gilmore's proposed amended complaint: adds as new defendants Olathe Public Schools USD 223 ("the school district") and the board; addresses the revised speakers policy the board issued on April 7, 2022; and, according to Gilmore, clarifies her allegations of First Amendment violations. *Id.* Defendants oppose the motion on the ground that the proposed amended complaint "is fundamentally inconsistent with Fed. R. Civ. P. 8[.]" ECF No. 35 at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further instructs that courts should "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

2

amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 8(a) requires that a complaint "must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  "Failure to provide a short and plain statement that complies with Rule 8 is sufficient grounds to dismiss a complaint." *Baker v. Blue Valley Sch. Dist. USD 229*, No. 21-2210-HLT-TJJ, 2021 WL 2577468, at *4 (D. Kan. June 23, 2021) (citing *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007)); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("[A] failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure.").

Although noncompliance with Rule 8 can serve as a basis for dismissal, such an outcome is rare and usually reserved for only "long, prolix, or incomprehensible complaints," oftentimes drafted by pro se litigants. *Handy v. Maximus Inc.*, No. 21-1192, 2022 WL 405460, at *4 (10th Cir. Feb. 10, 2022). More commonly, Rule 8(a) violations result in allowing the plaintiff an opportunity to replead. *See Luciano v. Perez*, No. 06-01284, 2007 WL 1306476, at *2 (D. Colo. May 3, 2007) (noting that courts often allow the plaintiff an opportunity to file an amended complaint).

### III. DISCUSSION

Defendants argue that Gilmore's proposed amended complaint does not comply with Federal Rule of Civil Procedure 8(a) because it is not "a short and plain statement of the claim[.]"[1]

---

[1] Defendants criticize the length of Gilmore's brief in support of her motion to amend, which is 28 pages long, and criticize Gilmore's counsel's filings in other lawsuits as further examples of his "kitchen sink approach to motion-practice and pleading[.]" ECF No. 35 at 3. The

Defendants do not raise any other argument as to why the Court should deny the motion to amend. As explained below, Rule 8(a) does not require the denial of the motion to amend based on Defendants' limited arguments regarding notice pleading.

### A. Rule 15 Standard

Defendants do not contend—and the Court does not find—that Gilmore has unduly delayed, exhibited bad faith or a dilatory motive, failed to cure deficiencies by prior amendments, that Defendants would be unduly prejudiced by allowing the amendments, or that the amendments render the claims futile. *See Hasan* 935 F.3d at 1101-02 (explaining grounds to deny a motion to amend under Rule 15). For one, Gilmore's motion is timely because she has filed it at the pleadings stage, prior to any discovery and prior to the entry of a scheduling order establishing a deadline for amendments to the pleadings. Timeliness is closely related to undue prejudice. *Minter*, 451 F.3d at 1205.

Because this case is in the early stages, Defendants are not prejudiced by allowing Gilmore to amend. This is significant because undue prejudice is the most important factor when deciding whether to allow amendment to the pleadings. *Id.* at 1207-08 ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." (quoting *United States v. Hougham,* 364 U.S. 310, 316 (1960))). Against this backdrop, the Court evaluates Defendants' only asserted ground to deny the motion—a potential violation of Rule 8(a).

---

length of Gilmore's brief and her attorney's filings in other cases do not bear on the legal standard for evaluating whether to allow Gilmore to amend her complaint *in this case* and so the Court does not address these arguments further. Likewise, Gilmore's opening brief argues the merits of her claims. *See generally* ECF No. 30. While these arguments might have applied had Defendants argued futility on any of the grounds covered in Gilmore's brief, Defendants have not made those arguments here, instead limiting their opposition to a Rule 8(a) analysis. Because of this, the Court need not reach the merits arguments raised in Gilmore's opening brief either.

**B.     Rule 8(a)**

Defendants' sole argument for denying the motion to amend is that the proposed amended complaint does not comply with Rule 8(a). Defendants' arguments rest on the fact that the proposed pleading is long—37 pages in length and exceeding 180 numbered paragraphs—purportedly confusing and includes irrelevant information. ECF No. 35 at 1-2.

The Court initially notes that Gilmore's original 23-page complaint is written largely in the same fashion as her proposed amended complaint. For example, Defendants cite to two paragraphs in the proposed amended pleading (paragraphs 45 and 57) that already appear in the operative pleading. Defendants also note that the proposed amended pleading groups all Defendants together without specifying which Defendant is responsible for which conduct, pointing to paragraphs 80, 84, 101-05, 127-29, 134, 140-42, 144, 150, 157, "etc." ECF No. 35 at 2. But again, Gilmore drafted her original pleading in the same manner—referencing Defendants collectively when it comes enforcement of the policy and the alleged effects.[2]

Gilmore also argues that the proposed amended pleading contains commentary, legal arguments, and paragraphs containing multiple sentences. But again, so does Gilmore's original complaint, which opens with an introductory paragraph spanning half of a page and additional paragraphs citing case law and explaining its meaning. *See generally* ECF No. 1 at 1-2, ¶ 1 (introductory paragraph), 12-15, ¶¶ 57-68 (setting forth Count I with multiple citations and

---

[2] *See, e.g.* ECF No. 1 at 10, ¶ 48 (alleging that the content of Gilmore's speech "was a factor in the defendants' ban, censorship, or public condemnation of her."), 15, ¶ 68 ("By enforcing these provisions, the defendants, under the color of state law, deprive the plaintiff to the right of free speech . . . "), 16, ¶ 70 ("Rather, the defendants censored her speech because they disagreed with it."); 18, ¶ 79 ("The defendants' policy prohibitions on speech . . . violate the First Amendment right to petition . . . "), 19, ¶ 83 ("All of Plaintiff's public speech at the Olathe school board meeting that the defendants have censored is fully protected by the First Amendment right to petition the government for a redress of grievances.").

5

quotations of case law).  Courts are disinclined to bar amended pleadings based on arguments that could apply with equal force to an unchallenged operative pleading.  *See, e.g., Bedford Materials, Inc. v. Leading Tech. Composites, Inc.*, No. 20-1298-EFM-ADM, 2021 WL 1750867, at *4 (D. Kan. May 4, 2021) (granting a motion to amend and stating that defendant's "arguments in opposition to the motion would apply with equal force—if not more—to the operative complaint.").

Although Defendants argue that Gilmore combines separate and distinct legal issues into one, "making it impossible to respond or draft a motion to dismiss," they provide no examples of how this is the case.  ECF No. 35 at 2.  Again, because of the similarities between the original and the proposed amended complaint, these same criticisms applied to the original complaint, yet Defendants filed a motion to dismiss, an answer and an amended answer to that complaint.  *See, e.g.,* ECF Nos. 7, 12, 25.  As to the remaining paragraphs Defendants cite as problematic, while some may be unnecessary or could have been more succinct, they do not rise to the level requiring the Court to deny the motion because the proposed amended complaint violates Rule 8(a).[3]

In *Toevs v. Reid*, 267 F. App'x 817, 819-20 (10th Cir. 2008), the Tenth Circuit provided examples of those "extreme circumstances" in which dismissal pursuant to Rule 8 was appropriate: a "ninety-nine page, single-spaced complaint" that "neither identifi[ed] a concrete legal theory nor target[ed] a particular defendant" in 463 paragraphs; a 136–page amended complaint naming fifty-one defendants, which the court characterized as a "sprawling chronicle"; and a complaint with

---

[3] For example, paragraph 69 links to a YouTube video of the April 7, 2022 meeting in addition to summarizing it.  Paragraphs 76-78 summarize portions of Defendant Kiger's motion to dismiss, and paragraphs 116-122 discuss communications to and from the board.  Although lengthy, Gilmore explains that these paragraphs relate to the board's purported ratification of Beveridge's actions and the lack of any action taken against him.  ECF No. 36 at 2.

"hundreds of attachments[.]" *Id.* at 819-20. Gilmore's proposed pleading is distinguishable from the complaints in those cases.

Defendants cite *Baker*, 2021 WL 2577468, a case in which the District Judge presiding over this litigation found that a state-court petition filed by Gilmore's attorney did not comply with Rule 8(a). *Id.* at *5. That pleading spanned 50 pages, 206 numbered paragraphs, included other unnumbered narrative paragraphs, asserted 10 claims against 24 defendants, contained excessively lengthy paragraphs, considerable commentary, and legal augments serving "little purpose other than to muddy the waters and garner attention." *Id.* The court's decision to require an amended complaint hinged on the fact that the pleading hampered the court's ability to determine whether to exercise supplemental jurisdiction over the state-law claims. *Id.* Defendants fail to allege any specific analogous argument other than broadly asserting that it is "impossible" to respond to the complaint.

Ultimately, the Court is simply ruling on whether to allow Gilmore to file an amended complaint drafted in largely the same manner as the original pleading, which Defendants have not otherwise challenged on Rule 8(a) grounds. Allowing Gilmore to amend at this early stage of the case is also in line with the Court's prior ruling allowing Defendant Beveridge to amend his answer to assert certain immunity defenses so that those defenses could be decided on their merits. *See generally* ECF No. 24. In doing so, the Court found that given the early stage of the proceedings and brevity of the parties' arguments, the better practice was to allow Beveridge to plead the defenses then address the issues more thoroughly through dispositive motion briefing. The Court reaches the same conclusion here, particularly given that Gilmore explains that she is attempting

7

to amend to address concerns raised at the status conference regarding the proper party defendants and the April 7, 2022 revised speakers policy.[4]

### C.    Addition of Two New Defendants

Finally, Plaintiff's amended complaint adds both the school district and the board as new defendants. *See* ECF No. 28 at 4 (adding both to the case caption). Gilmore alleges that both parties should be added either pursuant to Rule 19, as necessary parties, or Rule 20. ECF No. 28 at 2.

Defendants do not address this assertion with regard to Rules 19 or otherwise challenge the addition of these two new parties pursuant to Rule 20. Given the liberal application of Rule 20[5] and that Defendants do not contest this aspect of Gilmore's motion, the Court finds that Gilmore should be allowed to amend to add these two defendants.

## IV.    CONCLUSION

For the reasons stated above, Gilmore's Motion for Leave to Amend her Complaint (ECF No. 28) is granted. Within two business days from the date of this order, Gilmore shall file her Amended Complaint (ECF No. 28 at 4-40) as a separate docket entry in this case.

---

[4] In reaching this conclusion, the Court only finds that the proposed amended complaint is not so deficient that an amendment at this stage of the litigation must be denied. The District Judge would be well within her discretion to require Gilmore to file a subsequent pleading that more clearly pleads her claims.

[5] Under Rule 20, defendants may be joined if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) there are questions of law and fact common to all defendants. Fed. R. Civ. P. 20(a)(2). Courts liberally construe Rule 20 "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *AKH Co., Inc. v. Universal Underwriters Ins. Co.*, No. 13-2003-JAR-KGG, 2018 WL 2008860, at *6 (D. Kan. Apr. 30, 2018).

**IT IS SO ORDERED.**

Dated: April 29, 2022, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge

9