IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Jennifer Gilmore | | |
| | Plaintiff | 2:22-cv-02032-HLT-RES |
| v. | | |
| Joe Beveridge, et al | | Plaintiff's Motion for Judgment on the Pleadings pursuant to FED.R.CIV.P. 12(c), or as a Judgment as a Matter of Law, pursuant to FED.R.CIV.P. 50(a) |
| | Defendants | |

The Federal Rules permit a party to move for judgment on the pleadings "after the pleadings are closed but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(i) further provides that a "motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i). Trial is set for October 30, 2023. This motion can be heard and decided before this bifurcated trial.[1] This provides a mechanism for the Court to address the consequences of the defendants' theories and admissions made in the Pretrial Order when measured against the Court's summary judgment rulings. Plaintiff has argued that the defendants' theories and admissions made in the Pretrial Order foreclose any possible defense to liability. ECF 124. As demonstrated in the plaintiff's more recent motions in limine (ECF 143), given the binding aspects of the Pretrial Order, there is no pathway in which the defendant Beveridge can succeed on liability: he

---

[1] This motion will not delay the trial and will instead streamline the proper issues remaining for a jury. *See R.G. Financial Corp. v. Vergara-Nunez,* 446 F.3d 178, 183 (1st Cir. 2006) ((citing FED.R.CIV.P. 12(c)). The Pretrial Order, together with the summary judgment ruling, provides sufficient good cause to satisfy Rule 16(b). *See Riggins v. Walter*, 279 F.3d 422, 428 nn.6&7 (7th Cir. 1995) (noting that other courts had approved of 12(c) motions filed "on the eve of trial" because sufficiently changed circumstances satisfied any Rule 16(b) "good cause" concerns).

1

admits viewpoint discrimination occurred. This Court should eliminate the question of whether defendant Beveridge engaged in prohibited First Amendment viewpoint discrimination by entering judgment in favor of the plaintiff prior to trial on that.[2] This would leave the remaining questions of Monell liability as to the Board and whether punitive damages should be awarded against the defendant Beveridge and if so then the amount.[3]

### Argument

The Pretrial Order is the preeminent demarcation of issues. *Koch v. Koch Indus., Inc.,* 203 F.3d 1202, 1212 (10th Cir. 2000). "Unless the court modifies its pretrial order, the parties are bound by their admissions and stipulations included in the order and may not contradict its terms." *Air-Exec, Inc. v. Two Jacks, Inc.,* 584 F.2d 942, 944 (10th Cir.1978).

**Color of Law is Not an Issue for Jury and Has Been Admitted**

Defendants admit the actions were committed under the color of law. One acts under color of law when the actions complained of were committed while the

---

[2] The violation of certain constitutional rights, characterized by the Supreme Court as absolute, will support a claim for nominal damages without any showing of actual injury. The violation of basic constitutional rights entails at least an award of nominal damages. *See Davis v. Dist. of Columbia,* 158 F.3d 1342, 1349 (D.C.Cir.1998)(quoting *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978)) *See also Wilks v. Reyes,* 5 F.3d 412 (9thCir.1993) (plaintiff need show only that his or her constitutional rights were violated, therefore district court order entering judgment for defendant after jury found liability in favor of plaintiff would be reversed and remanded for entry of judgment in favor of plaintiff for nominal damages).

[3] Ratification or condonation is a basis for imposition of Section 1983 liability. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 126 (1988); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9thCir.1989); *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir.1991).

defendants were purporting to act under the authority vested in them by the Board policies or were otherwise made possible because of the privileges of their employment – i.e. Board President.  The Court has ruled that the Board vested the President of the Board with final authority.  When a government decision maker has final authority to establish governmental policy with respect to the action ordered or omitted, and a deliberate choice to follow a course of action is made from among various alternatives, governmental liability can be found based on a single incident of alleged wrongful activity. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986).

**Defendants Admit Ms. Gilmore's Speech was Terminated and that She was Removed**

Defendants admit that Ms. Gilmore's speech was terminated and that she was removed from the meeting and prohibited from returning.  ECF 119, p. 21. **"**Plaintiff's speech undoubtedly fell within the broader protections of the First Amendment." ECF 119.

**Burden Shifting Framework**

Because Ms. Gilmore's speech was protected and was then restricted, Ms. Gilmore has met her initial burden of proof. *Brewer v. City of Albuquerque,* 18 F.4th 1205, 1219 (10th Cir. 2021) ("City does not challenge the district court's finding that Plaintiffs carried their threshold burden of showing their speech and conduct are protected by the First Amendment"); *Lim v. City of Long Beach*, 217 F.3d 1050, 1054 n. 4 (9th Cir.2000) ("plaintiff bears the initial burden of proving that speech was restricted by the governmental action in question"); *American Legion Post 7 v. City of Durham,* 239 F.3d 601, 606 (4th Cir.2001) (threshold determination triggering

application of First Amendment scrutiny is whether challenged regulation burdens speech). The burden falls on the defendant Beveridge to now prove the constitutionality of his speech suppression. *See McCullen v. Coakley*, 573 U.S. 464, 134 S.Ct. 2518, 2540 (2014) ("To meet the requirement of narrow tailoring, the government must demonstrate [that the speech restriction meets the relevant requirements]." When "a law infringes on the exercise of First Amendment rights, its proponent bears the burden of establishing its constitutionality." *Doe v. City of Albuquerque*, 667 F.3d 1111, 1135 (10th Cir. 2012). "Government bears the burden of proving the constitutionality of its actions." *New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. ___, ___, 142 S. Ct. 2111, 2130 (2022); *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006) (same). And that burden persists showing whether the protected speech restriction falls under the policy restrictions in a limited public forum. *Doe v. City of Albuquerque, at* 1130-31.

**Plaintiff's Case in Chief**

As to liability to the 1983 First Amendment claim of viewpoint discrimination, the Pretrial Order contains the defendants' admissions that they had a prior policy restricting speech. Plaintiff's speech was protected. Defendants admit that Ms. Gilmore's speech was prohibited and that she was removed because of it. The plaintiffs are relieved of offering proof on that issue because of those admissions.[4]

---

[4] *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.,* 31 F.4th 1300, 1313 (10th Cir. 2022) ("release the opposing party from its burden to prove the facts necessary…").

**Defendant Beveridge's Case in Chief**

The burden is upon the defendant Beveridge. In order to accomplish that burden, he would have to state facts claiming what was his actual motivation in suppressing Ms. Gilmore's speech in the Pretrial Order. But he doesn't do that. His statement of facts contain no factual contention about his actual state of mind or motives to his actions. Plaintiff is left guessing as to what any claimed state of mind or motivation defendant Beveridge actually says he possessed at the time – other than what is stated in Defenses 2 & 3. What then are the defendants' affirmative defenses to prove their burden showing Constitutionality of his actions? ECF 109,p.26 begins the list of the defendants' 9 affirmative defenses. There are actually only four defenses asserted that concern defeating liability for the suppression of Ms. Gilmore's speech: 1, 2, 3, and 7.

**Defense 7: The Question of the Constitutionality of the Prior Policy is Not Moot**

Defendants present an inconsistent argument: on the one hand they contend in Defense 1 that their Policy is Constitutional and that this Policy justifies the defendant Beveridge's actions while on the other hand they appear likely seek to shield it from any Constitutional analysis. If it goes that far, this Court must analyze the prior policy which is actually the defendants' burden to show the policy was Constitutionally firm – which it is not.

**Defense 1: The Prior Policy Is Not Viewpoint Neutral and is Vague**

The defendants seek to rely upon the prior policy to justify their actions. The question of the Constitutionality of the prior policy upon which defendants seek to

5

rely is a question solely for this Court. The prior policy is vague and contains viewpoint restrictions. "Personal attacks," "rude," "defamatory remarks," "vulgar," "obscene," and "any person connected with the School District" are unconstitutional as viewpoint discrimination and vague.[5] *See Mama Bears of Forsyth Cty. v. McCall,* No. 2:22-cv-142-RWS, 2022 U.S.Dist. LEXIS 234538, at *24-*25, *38 (N.D. Ga. Nov. 16, 2022)*; Marshall v. Amuso*, 571 F. Supp. 3d 412, 418 (E.D. Pa. 2021).

- *Defendants Cannot Prevail Utilizing a Facially Unconstitutional Policy*

Defendant Beveridge cannot sustain his burden of Constitutionality relying upon a facially vague and viewpoint based policy.

**Defense 2: Suppressing Speech for Defamatory Reasons Does Not Sustain Defendants' Burden**

Defendants claim the suppression of Ms. Gilmore's speech was Constitutional because "comments accusing Mr. Randall of being a 'liar' are defamatory" and "not protected speech." Neither contention can support the Constitutionality of the defendant Beveridge's actions as reflected in the Court's summary judgment ruling.

---

[5] Does the language "President may interrupt or terminate an individual's statement if it is disruptive, not germane to the business or activities of the Board or in violation of Kansas Statutes regarding meetings or activities of the Board" prohibit core speech about elections? This is not a jury question. It too is vague and overbroad as "business" and "activities" would not provide reasonable notice of any prohibited topic. Who would know what statutes apply, not to "business," but to "meetings" or "activities"? School boards engage in political activities including their own member elections.

6

**Defense 3: Suppressing Speech for on the basis of Constituting "Personal Attacks" Does Not Sustain Defendants' Burden**

The defendants third defense similarly fails claiming that "personal attacks were not matters of public concern because they were defamatory and therefore are not protected by the First Amendment"  Defendants cannot sustain its burden because speech prohibitions based upon "personal attacks" is viewpoint discrimination, "defamatory" prohibitions are vague and viewpoint discrimination, and Ms. Gilmore's speech was protected.

**Defendant Beveridge Has Admitted Discriminatory Intent Many Times Over**

Defendant Beveridge's theory was all or nothing: he was completely silent as his actual motivation or state of mind except for Defenses 2 & 3. He clearly did not state anything near an affirmative claim that the outcome would have been the same even without his admitted discriminatory animus.  Instead, he explicitly admits the discriminatory animus in defenses 2 & 3.  Defendants cannot sustain their burden of proving defendant Beveridge's actions were Constitutional.

**Silencing Ms. Gilmore Because Her Statements were Defamatory is an Admission of View Point Discrimination**

Defendants affirmatively state defendant Beveridge's motivation and reasoning in Defenses 2 & 3.  The Court has framed the issue as to whether "Plaintiff's First Amendment rights were violated if Beveridge blocked Plaintiff from speaking because of her viewpoint that Randall lied during the election or because of her criticism of Randall." ECF 119,p.11.  But the defendants state discriminatory purpose on far broader grounds.  The defendants blocked the plaintiff from speaking

7

for other reasons. One reason is "defamatory." (ECF 119, p.26). They explicitly state why Ms. Gilmore was silenced: "Plaintiff's public comments accusing Mr. Randall of being a 'liar' are defamatory, and such remarks are not protected speech under the First Amendment." That is an affirmative statement and admission as to the reason why defendant Beveridge did what he did. That is not a factual question now reserved for the jury. Beveridge's admitted speech restriction based on his motivation to suppress "defamatory" remarks is viewpoint discrimination and using a vague provision.

**Silencing Ms. Gilmore Because Her Statements were Purportedly Personal Attacks is an Admission of View Point Discrimination**

An affirmative defense is an assertion of some positive statement of fact. (additional facts not necessary to support plaintiff's claim). Defendants will attempt to provide many motives of the defendant Beveridge but admitting these discriminatory motivations is more than enough to eliminate the question of liability. So to be clear: this is a reason the defendants assert as an additional fact: the defendant Beveridge blocked Ms. Gilmore from speaking for this actual reason: "personal attacks." (ECF 119, p.26). "Plaintiff's personal attacks were not matters of public concern because they were defamatory and therefore are not protected by the First Amendment." That is an affirmative statement and admission of defendant Beveridge that Ms. Gilmore was silenced by him because of his actual purpose to suppress "personal attacks" – which is a prohibited discriminatory intent. It does not matter how many other reasons he wants to comingle with his other admitted viewpoint discrimination motives. That "personal attack" reasoning is not diluted by

8

other reasons. That admitted motivation suffices to constitute viewpoint discrimination.

But there are more admissions. Then the purported logic of defendant Beveridge is further admitted that "personal attacks were not matters of public concern." But the Court ruled her speech <u>was a matter of public concern</u>. This is doubly an admission of two viewpoint discrimination motives. Then defendant Beveridge's mindset is further explained that he thought the speech was defamatory – a triple admission asserting his actual mindset. This is not a mixed motive case. That implicates the "anyway defense" which was not pled concerning employer/ employee cases. *Medlock v. Ortho Biotech, Inc.,* 164 F.3d 545, 553 (10th Cir.1999) ("an employer can avoid a finding of liability by proving it would have taken the same action even absent the unlawful motive").

If the Court permits the defendant Beveridge to assert some other reasons – namely the "President may interrupt or terminate an individual's statement if it is disruptive, not germane to the business or activities of the Board or in violation of Kansas Statutes regarding meetings or activities of the Board" language, then that language must be subjected to strict scrutiny and interpreted and defined by this Court – not the jury. And if that provision passes muster but does not prohibit speech about elections, then there is no authority for defendant Beveridge's speech suppression. What is left? Defendant cannot sustain his burden and liability must follow.

**The Pretrial Order, Coupled with the Court's Summary Judgment Ruling, Provides Nothing for a Jury to Decide Regarding Whether Viewpoint Discrimination Occurred**

The defendant Beveridge did not assert any facts or any affirmative defense claiming that he had any state of mind or motive other than the ones stated in Defenses 2 & 3 when he suppressed Ms. Gilmore's speech. There is no mixed motive or same decision defense even if those could apply.  Defendant Beveridge did not plead factually or as a defense that he had a *Price Waterhouse* defense (mixed motives).[6] His only factual contentions as to his actual reasons for his conduct are stated in Defenses 2 & 3 – both of which are multiple viewpoint discrimination reasons which he has judicially admitted. That establishes defendant Beveridge's liability.  Having omitted any scienter of defendant Beveridge other than those stated in Defenses 2 & 3, he cannot now sustain his burden by proffering new and then different state of mind motivations not stated in the Pretrial Order.

Defendant Beveridge cannot sustain his burden to show his actions were Constitutional and judgment should be entered as to his liability on that issue.

| | |
|---|---|
| /s/Linus L. Baker<br>Linus L. Baker, KS 18197<br>6732 West 185th Terrace<br>Stilwell, KS  66085-8922<br>Telephone:  913.486.3913<br>Fax:          913.232.8734<br>E-Mail: linusbaker@prodigy.net<br>Attorney for the plaintiff | Certificate of Service<br><br>The above was provided notice to all parties entitled to such notice pursuant to the Court's electronic filing system.<br>/s/Linus L. Baker<br>Attorney for the plaintiff |

---

[6] *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1366 (10th Cir. 1994) (mixed motive is an affirmative defense).