IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Jennifer Gilmore | | |
| | Plaintiff | 2:22-cv-02032-HLT-RES |
| v. | | |
| Joe Beveridge, et al | | |
| | Defendants | |

Plaintiff's Response to Defendants' Motion for Evidentiary Hearing

As far as understanding the defendants' motion on privilege they are concerned with two lines of questions: (1) make Ms. Gilmore an example statement; and (2) Joe Beveridge's understanding of the policies and the Constitution. As to the first, defendants don't offer any affidavit as to why there is a privilege. As to the second, a witness' understanding is not privileged. Defendants don't need an evidentiary hearing to know what they already know. The plaintiff welcomes a Rule 104(a) hearing in which the defendants bear the burden of proving all of the elements of privilege clearly apply.

**Witness Messaging**

Defendants jump the shark by debasing the Court's determination of privilege into an upside down inquisition. ***Making Ms. Gilmore an example*** – defendants won't admit the statement was made (kind of) but then want to know "how *that information* found its way to plaintiff or her attorney." Yet defendants seem to deny the existence of "*that information.*" They then wave a magic wand saying that everything is privileged in a closed session by the mere presence of an attorney – and therefore all information from a closed session is secret. Defense counsel's shot across

1

the bow is overtly a message to a select few. Board members Kuhn and Connell, who were published as "liars" by Board member Wickliffe, are squarely within their barrel site.[1] They surely smell Jack Nicholson's rat in *The Departed* and are calling them out to the OK Corral. According to them, there are one or more Judas Iscariots in their midst who have "breached" their "legal and fiduciary obligations to the District." They are clearly sending a message based upon their erroneous and upside down view of what makes statements made during a closed session subject to a privilege claim.

## First Things First

There is no presumption of privilege at a closed session. Neither does a presumption arise by the presence of an attorney – even if the attorney is "listening." Not all communications with an attorney are privileged. Not all communications in the course of an engagement for legal advice are privileged – content must be considered. The "privilege does not protect discussions among commission members or the opinions, impressions, and conclusion of commission members based upon events occurring during the closed session." *Hinsdale v. City of Liberal, Kansas*, 961 F. Supp. 1490, 1494 (D. Kan. 1997) (citing *Case v. Unified School District #233*, No. 94-2100-GTV, 1995 WL 358198 at *5 (D.Kan. June 2, 1995)). *Make Ms. Gilmore an example* – sounds like an opinion or conclusion of a board member to other board members. But here's another issue: nothing said cannot be privileged. If Joe

---

[1] The Board majority still has Board member Connell in sanction time-out. https://www.yahoo.com/news/olathe-school-board-vote-removing-230919147.html One wonders if defendants' delay of removing Connell's sanction until December has any connection to their motion or the October trial date.

Beveridge denies saying it – or hearing it – then how can his answer be privileged? Defendants don't want Joe Beveridge questioned about his state of mind – what was his understanding of the Constitutionality of the prior policy. His understanding is not privileged. It is relevant to his motives and state of mind.

### Make an Example out of Ms. Gilmore

Defendants act like they don't know what was or was not said – and particularly during a closed session. Defendants don't need an evidentiary hearing to discover what they already know. Make an example out of Ms. Gilmore – was that said? And was it made during executive session as a part of a request for advice and was intended to be and was kept confidential? Surely defense counsel is not saying the board had a legal strategy of making an example out of Ms. Gilmore are they?

Defendants proffer a "venting" explanation for the vindictive make-her-an-example statement ("vent to their attorneys about the perceived unfairness of a claim…"). Their feigned ignorance becomes evident. This explanation is shooting oneself in the foot as venting is therapeutic. Therapeutic advice – if it ever occurred -- is not legal advice. A make-her-an-example "venting" declaration does not meet the criteria of a request for legal advice.

Surprisingly, defendants' motion makes no attempt to set forth what must be proved in order to establish the existence of an attorney-client relationship or statements were made that were privileged. "Conclusory or ipse dixit assertions are not enough." *Saxholm AS v. Dynal, Inc.,* 164 F.R.D. 331, 333 (E.D.N.Y. 1996). So where is the affidavit of the one who said make her an example with the purported

reason for making it? Indeed, the defendants provide no affidavits but mere hypotheticals. All that defendants say is that the statements "might be" or "would likely have been" or "very well could be privileged." Defendant makes a statement that "Defendants' counsel has been advised that plaintiff's claims have never been discussed by the Board other than in an executive session, with the discussions facilitated by the Board's legal counsel" but this bare conclusion does not raise any presumption of privilege. Told by who? Joe Beveridge? And could "plaintiff's claims" be more vague? And discussions about "the claims" between board members are not privileged. *See Hinsdale*. Defense counsel's vague and bare representations do nothing to create any presumption of privilege.

As inquisitions go, the defendants demand a list of witnesses and the evidence to prove privilege does not exist – which is a gross distortion of the burdens associated with privilege. Defendants go first. The defendants bootstrap their argument claiming everything is presumed to be attorney client communication privilege – which is not correct. They claim that the mere presence of an attorney in executive session creates this presumption – which it does not.

Defendants say, in a willful ignorance sort of way, they don't know whether any board member said they wanted to punish or make an example of Ms. Gilmore yet claim an attorney omnipresence that an attorney was always "listening." Which is it? Listening to board discussions does not make it privileged. So if the omnipresent attorney was always listening, whether it was said would not be a mystery. The attorneys purportedly present when the statement was made could tell

4

the Court today whether it was said. Defendants don't need an evidentiary hearing to discover whether the statement was made. If it was made then say so – and then explain why it is privileged.

> they must have related to the acquisition or rendition of professional legal services. The mere fact that clients were at a meeting with counsel in which legal advice was being requested and/or received does not mean that everything said at the meeting is privileged. The party seeking to assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential. To be privileged, the communication must relate to the business or transaction for which the attorney has been retained or consulted. *Hinsdale.*

The Court can ask Joe Beveridge – or any Board member – whether the make-her-an-example statement was made. Let defendants clearly prove it was a statement meeting the conditions of *Hinsdale* – which it is hard to fathom how a declarative vindictive statement like that has anything to do with receiving legal advice.

### Board's Understanding of the Problems of the Prior Policy

The prior policy is at issue because it governs whether Ms. Gilmore's protected speech could be suppressed for the reasons articulated by defendant Beveridge. Board members take an oath to support the Constitution. Defendants claim that defendant Beveridge's understanding of the deficiencies or problems with the prior policy "would likely have been the subject of discussions with counsel during an executive session discussing revisions to the policy." But who says? And even that reason does not support privilege. *See Kansas Wastewater, Inc. v. Alliant Techsystems, Inc.*, 217 F.R.D. 525 (D. Kan. 2003). There, a witness was asked for his understanding and knowledge concerning the status of certain agency actions. The

5

question was objected to on the basis of privilege arguing that the witness' understanding and knowledge came from an attorney. The court found these questions did not seek privileged information because they sought facts. *Id.* at 529. A witness' understanding is not privileged. Asking questions about why an action was not taken and who made the decision to not take that action was similarly not privileged. *Id.* at 530-31. A question about why the witness and his attorney drafted a document was not privileged. *Id.* at 531.

All of this goes to defendant Beveridge's motives and state of mind.

In this case the defendant Joe Beveridge bears the burden to show each and every reason he suppressed Ms. Gilmore's speech was Constitutional. *Kennedy v. Bremerton School District*, 142 S. Ct. 2407, 2426 (2022) ("Whether one views the case through the lens of the Free Exercise or Free Speech Clause, at this point the burden shifts to the District").

The make-example statement and questions about defendant Beveridge's understanding have been proffered. The ball is in defendants court to sustain its burden. So far defendants have failed to do so. It is understandable that defendants want the make-an-example statement privileged as being evidence of one reason for defendant Beveridge's actions. It is evidence of malice and ill-will for punitive damages purposes. Fed. R. Evid. 104(a) is a procedure involving a rule of evidence – not a basis for the defendants to demand an evidentiary hearing in which they reverse the burden upon the plaintiff. There is no reason to presume that a declaration to make Ms. Gilmore an example is privileged or has anything to do with obtaining legal

6

advice. What Joe Beveridge said, heard, or his understanding of things is similarly not privileged. Defendant Beveridge bears the burden to establish applicability of privilege. *Boyer v. Board of County Commissioners*, 162 F.R.D. 687, 688 (D. Kan. 1995). It must be a "clear showing" that the privilege applies. *Ali v. Douglas Cable Communications*, 890 F. Supp. 993, 994 (D. Kan. 1995).

| | |
|---|---|
| /s/Linus L. Baker<br>Linus L. Baker, KS 18197<br>6732 West 185th Terrace<br>Stilwell, KS  66085-8922<br>Telephone:  913.486.3913<br>Fax:            913.232.8734<br>E-Mail: linusbaker@prodigy.net<br>Attorney for the plaintiff | Certificate of Service<br><br>The above was provided notice to all parties entitled to such notice pursuant to the Court's electronic filing system.<br>/s/Linus L. Baker<br>Attorney for the plaintiff |